UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN THOMAS JEFFRIES,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security,<br><br>Defendant. | No. 1:23-cv-00955-GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S UNOPPOSED MOTION FOR EAJA ATTORNEY'S FEES**<br><br>**(Doc. 22)** |

### I.   Introduction and Procedural Background

On June 26, 2023, Plaintiff Sean Thomas Jeffries ("Plaintiff") sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for social security benefits. Doc. 1. The Commissioner filed the Certified Administrative Record on August 25, 2023. Doc. 12. On November 24, 2023, Plaintiff filed a motion for summary judgment. Doc. 15. Defendant filed no response. Rather, on January 19, 2024, the parties stipulated to remand the matter to the agency for further proceedings under sentence four of 42 U.S.C. 405(g). Doc. 19. Judgment was entered in Plaintiff's favor. Doc. 21.

Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), seeking $6,603.61 in fees and no costs. Doc. 22. In support of the request, Plaintiff's counsel attached the assignment agreement with Plaintiff and counsel's billing and time records. Doc. 22-1, 22-2.

### II.   Discussion

#### A.   Substantial Justification

##### 1.   Legal Standard

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating

1

>the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

A plaintiff appealing a denial of Social Security benefits need not be awarded benefits to be considered a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). A plaintiff who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is also considered a prevailing party under the EAJA. *Id.* A prevailing party is entitled to a fee award when the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). While the prevailing party must only allege that the position of the United States was not substantially justified, the United States must carry the burden of establishing substantial justification. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

"To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree' . . . only that its position is one that 'a reasonable person could think it correct, that is, has a reasonable basis in law and fact.'" *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc) (quoting *Pierce v. Underwood*, 487 U.S. 552 (1988)). The substantial justification standard is satisfied if there is a "genuine dispute" of fact or law, even if the court ultimately rules against the government. *See Pierce*, 487 U.S. at 565. The determination of substantial justification is within the discretion of the district court. *Pierce v. Underwood*, 487 U.S. 552 (1988); *McDonald v. Sec'y of Health & Hum. Servs.*, 884 F.2d 1468, 1473 (1st Cir. 1989).

Pursuant to 28 U.S.C. § 2412(d)(2)(D) "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . .'" Thus, the substantial justification standard applies not

only to the underlying agency action in denying benefits, but also to the legal and factual positions advanced by the government's attorneys during the litigation.

### 2. Analysis

Plaintiff is indisputably a prevailing party as he obtained a judgment pursuant to stipulation. There is no contention that he is otherwise ineligible under 28 U.S.C. § 2412(d)(2)(B) based on his assets. Substantial justification of the Defendant's position is not at issue as Defendant did not file an opposition to Plaintiff's motion for summary judgment, nor did Defendant oppose the fee motion.[1]  A fee award is therefore appropriate.

## B. Fee Amount

### 1. Legal Standard

Having determined a fee award is appropriate, the Court must consider the reasonableness of the fee request.  *See* 28 U.S.C. § 2412(d)(2)(A).   Counsel is entitled to compensation for all work a reasonable and prudent lawyer would undertake to advance her client's interests.  *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

EAJA hourly rates are capped at $125.00 per hour plus annual cost of living adjustments pursuant to the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and published electronically by the Ninth Circuit Court of Appeals.  *See* 9th Cir. R. 39-1.6.

The itemized bill filed here reflects that Plaintiff's counsel performed work in 2023, for which the rate is set at $244.62.[2]

---

[1] In such circumstances, the common practice in this district is for the parties to confer, agree to a reasonable fee amount, and file a stipulation and proposed order for payment of EAJA fees.  Despite Defendant indicating no objection to the fee motion, no stipulation or proposed order was forthcoming.

[2] *See* United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, *available* at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited May 16, 2024).

## 2. <u>Analysis</u>

Here, counsel performed 27.2 hours of work pursuing this case to judgment. Doc. 22-2 at 3. "Courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012), quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). District courts often decline to do a line-by- line review of the fee petition where the overall number of hours expended was reasonable. *See, e.g.*, *Allen v. Berryhill*, Case No. 17-cv-03384-SI, 2019 WL 343422 (N.D. Cal. January 28, 2019) (70.85 hours); *Thompson v. Colvin* (E.D. Cal., Apr. 17, 2015, No. 2:12-CV-01850-AC) 2015 WL 1767733, at *2 (63.4 hours); *Schneider v. Colvin* (E.D. Cal., Feb. 9, 2016, No. 1:14-CV-0034-SKO) 2016 WL 500595, at *4 (55.4 hours)).

Other courts do conduct line-by-line reviews of fee petitions and deduct time sought for non-compensable work and for certain time entry practices. *See e.g.*, *Henderson v. Comm'r of Soc. Sec.*, No. 1:20-CV-0562 JLT, 2021 WL 2457540, at *3 (E.D. Cal. June 16, 2021) (eliminating time entries for duplicative tasks); *Mallard v. Berryhill,* No. 1:17-CV-01212 - JLT, 2019 WL 2389506, at *3 (E.D. Cal. June 6, 2019) (same); *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (unpublished) (affirming reductions for clerical tasks, vague narratives, block billing, and use of quarter-hour billing increments).

Here, the itemized entries reflect reasonable time expenditures for tasks including reviewing the administrative record and drafting a detailed summary judgment motion. Further, the persuasiveness of counsel's motion was presumably at least a partial factor in the Commissioner's decision to stipulate to remand in lieu of filing an opposing brief, thereby saving the parties and the Court additional time to brief and adjudicate the motion. On balance, 27.2 hours is a reasonable time expenditure to pursue this case to judgment.

### III. Order

Accordingly, it is **recommended** as follows:

1. That Plaintiff's motion for attorney fees (Doc. 22) be **granted.**

2. That fees in an amount of $6,603.61 and no costs be awarded in favor of Plaintiff Sean Thomas Jeffries and against Defendant Commissioner of Social Security.

3. That fees be made payable to Plaintiff, and that the Department of the Treasury be directed to determine whether Plaintiff owes a federal debt.

4. If Plaintiff does not owe a federal debt, that the government be directed to cause the payment of $6,603.61 in fees and no costs to be made directly to Plaintiff's Counsel, Jonathan O. Pena, pursuant to the Assignment Agreement executed by Plaintiff and his counsel (Doc. 22-1 at 1).

### IV. Objections Due Within 14 Days

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 16, 2024**            **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

5